# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

DONALD HARVELL,                )
                               )
   Plaintiff,                  )
                               )
v.                             )   No. 3:21-cv-237
                               )
EASTPOINT RECOVERY GROUP,      )
INC.,                          )
                               )
   Defendant.                  )

## PLAINTIFF'S COMPLAINT

Plaintiff, DONALD HARVELL ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, EASTPOINT RECOVERY GROUP, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy,"

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Pensacola, Escambia County, Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a law firm collection agency located in Buffalo, Erie County, New York.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with PayPal.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. On or about July 6, 2020, Defendant began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-2427, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from various Defendant's telephone numbers.

23. On or about July 6, 2020, Plaintiff answered Defendant's call and spoke with one of Defendant's female collectors.

24. During the conversation, Defendant's female collector threatened to take legal action against Plaintiff.

25. On or about July 17, 2020, Plaintiff answered Defendant's call and spoke with one of Defendant's collectors.

26. During the conversation:

    a. Defendant's collector made repeated threats to take legal action against Plaintiff.

    b. Defendant's collector demanded immediate payment from Plaintiff.

    c. Relying on Defendant's empty threats, Plaintiff made a payment to Defendant in the amount of $2,005.10.

    d. Plaintiff requested for Defendant to provide him with a letter

confirming the debt is satisfied in full.

27. To date, Defendant has not taken legal action against Plaintiff.

28. To date, Plaintiff has not received written confirmation that the debt is satisfied.

29. To date, Plaintiff has not received notices required by 15 U.S.C. § 1692g.

30. Defendant engaged in the foregoing conduct with the intent to annoy, abuse and/or harass Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

32. Defendant violated the FDCPA based on the following:

   a. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

   b. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff and Defendant did not intend take such action;

    c. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant refused to provide Plaintiff with a letter confirming the debt is satisfied;

    d. Defendant violated § 1692g(a) of the FDCPA by failing to send a written notice to Plaintiff pursuant to § 1692g(a) of the FDCPA;

    e. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant demanded immediate payment from Plaintiff; and

    f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, DONALD HARVELL, respectfully requests judgment be entered against Defendant, EASTPOINT RECOVERY GROUP, INC., for the following:

33. Actual damages of $2,005.10 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

36. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

38. Defendant violated the FCCPA based on the following:

   a. Defendant violated §559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family, when Defendant made empty threats to take legal action against Plaintiff to coerce Plaintiff into making a payment to Defendant.

WHEREFORE, Plaintiff, DONALD HARVELL, respectfully requests judgment be entered against Defendant, EASTPOINT RECOVERY GROUP, INC., for the following:

39. Actual damages of $2,005.10 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

40. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

41. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

42. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

43. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 11, 2021        By:  /s/ Shireen Hormozdi_____
                                 Shireen Hormozdi
                                 SBN: 0882461
                                 Hormozdi Law Firm, LLC
                                 1770 Indian Trail Lilburn Road, Suite 175
                                 Norcross, GA 30093
                                 Tel: 678-395-7795
                                 Fax: 866-929-2434
                                 shireen@agrusslawfirm.com
                                 shireen@norcrosslawfirm.com
                                 Attorney for Plaintiff